IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HANNAH ROMAINE CLECKNER,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) | No. 22-02055<br><br>The Honorable Jennifer P. Wilson |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT 3M COMPANY'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Janice G. Dubler*
Janice G. Dubler
1735 Market Street, Suite 3000
Philadelphia, PA 19103
Telephone: 215-995-2800
Fax: 215-995-2801
janice.dubler@ogletree.com

Attorney for Defendant 3M Company

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................1

II.   STATEMENT OF FACTS .......................................................................2

III.  PROCEDURAL BACKGROUND .........................................................4

IV.   QUESTIONS FOR REVIEW...................................................................6

V.    STANDARD OF REVIEW.......................................................................7

VI.   ARGUMENT...............................................................................................8

     A.    Plaintiff failed to raise ADA disability discrimination claims in her dually-filed EEOC and PRHC Charge, and therefore Plaintiff has failed to administratively exhaust these claims, warranting their dismissal. ..........................................................................................8

     B.    Plaintiff fails to allege a valid "disability" within the meaning of the ADA (Second Cause of Action) and the PHRA (Fourth Cause of Action). .........................................................................................11

         1.    Plaintiff's ADA claim fails because being unvaccinated cannot qualify as a basis for 3M "regarding her as disabled." ...........................................................................11

         2.    Plaintiff's PHRA claims fails because being unvaccinated cannot qualify as a basis for 3M "regarding her as disabled". ...........................................................................14

     C.    Plaintiff's accommodation claims should be dismissed because she does not allege that she is disabled and she never requested a medical accommodation from 3M. ..............................................16

         1.    Plaintiff does not allege that she is disabled and a plaintiff has to be disabled to be entitled to an accommodation......................17

         2.    Plaintiff does not allege that she requested a medical accommodation from 3M..............................................................17

VII.  CONCLUSION...........................................................................................19

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anjelino v. N.Y. Times Co.*,
200 F.3d 73 (3d Cir. 1999)..............................................................................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).........................................................................................................7

*Barber v. Subway*,
131 F.Supp.3d 321 (M.D. Pa. Sept. 18, 2015)...........................................................14

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007).........................................................................................................7

*Conneen v. MBNA Am. Bank, N.A.*,
334 F.3d 318 (3d Cir. 2003)..........................................................................................16

*Dreibelbis v. Cty. of Berks*,
438 F.Supp.3d 304 (E.D. Pa. 2020) ............................................................................11

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009)............................................................................................8

*Fullman v. Philadelphia Intern. Airport*,
49 F.Supp.2d 434 (E.D. Pa. 1999) ................................................................................9

*Galvis v. HGO Services*,
49 F.Supp.2d 445 (E.D. Pa. May 18, 1999)...............................................................10

*Gardner v. SEPTA*,
410 F.Supp.3d 723 (E.D. Pa. 2019) ......................................................................14, 15

*Hicks v. ABT Assocs., Inc.*,
572 F.2d 960 (3d Cir. 1978)............................................................................................9

*Jorgenson v. Conduent Transport Solutions, Inc.*,
2023 WL 1472022 (D. Md. Feb. 2, 2023) ...................................................................13

*Leggo v. M.C. Dean, Inc.*,
2023 WL 182283 (E.D. Va. Feb. 7, 2023 ...................................................................13

*Linne v. Alameda Health System*,
2023 WL 375687 (N.D. Cal. Jan. 24, 2023) ...............................................................12

*Lowenstein v. Catholic Health East*,
    820 F.Supp.2d 639 (E.D. Pa. 2011) ...................................................................................9

*Lundstrom v. Contra Costa Health Services*,
    2022 WL 17330842 (N.D. Cal. Nov. 29, 2022) .................................................................13

*Mandel v. M & Q Packaging Corp.*,
    706 F.3d 157 (3d Cir. 2013)...............................................................................................8

*McIntosh v. White Horse Village, Inc.*,
    176 F.Supp.3d 480 (E.D. Pa. April 7, 2016)....................................................................10

*Phillips v. Cnty. of Allegheny*,
    515 F.3d 224 (3d Cir. 2008)................................................................................................8

*Roman v. Waste Management of New Jersey*,
    Civ. No. 10-4337, 2011 WL 1807642 (D. N.J. May 12, 2011) ........................................11

*Rubano v. Farrell Area School Dist.*,
    991 F.Supp.2d 678 (W.D. Pa. 2014)..................................................................................14

*Russ-Tobias v. Pennsylvania Bd. Of Probation and Parole*,
    Civ. No. 04-270, 2004 WL 2600109 (E.D. Pa. Nov. 16, 2004) .......................................10

*Santiago v. Warminster Twp.*,
    629 F.3d 121 (3d Cir. 2010)................................................................................................8

*Schillaci v. Cargill Meat Solutions*,
    Civ. No. 12-561, 2012 WL 6589941 (M.D. Pa. Dec. 18, 2012)........................................18

*Showers v. Endoscopy Center of Central Pa., LLC*,
    58 F.Supp.3d 446 (M.D.Pa.2014) .....................................................................................14

*Sowell v. Kelly Services Inc.*,
    139 F.Supp.3d 684 (E.D. Pa. Oct. 14, 2015) ...................................................................14

*Speaks v. Health Systems Management, Inc.*,
    Civ. No. 22-00077, 2022 WL 3448649 (Aug. 17, 2022).....................................................12

**Statutes**

42 U.S.C. § 12102(1) ................................................................................................................12

42 U.S.C. § 12102(3) ................................................................................................................12

ADA.......................................................................................................................... *passim*

ADA Amendments Act of 2008 ................................................................................................17

Americans with Disabilities Act ................................................................................1

Civil Rights Act of 1964 Title VII..................................................................1, 9, 10

Pennsylvania Human Relations Act...........................................................................1

PHRA ................................................................................................................ *passim*

Title VII ..........................................................................................6, 8, 9, 11

**Other Authorities**

Centers for Medicare and Medicaid Services COVID-19 ...........................................1

Federal Rule of Civil Procedure 8(a)(2) ..................................................................7

Frequently Asked Questions, DEPARTMENT OF LABOR, Jan. 1, 2009,
    https://www.dol.gov/agencies/ofccp/faqs/americans-with-disabilities-act
    amendments#Q7 .........................................................................................17

Rule 12(b)(6)...........................................................................................................2, 7

Rule 15 ....................................................................................................................19

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HANNAH ROMAINE CLECKNER,          )
                  Plaintiff,          )  No. 22-02055
                         )
          v.          )  The Honorable Jennifer P.
3M COMPANY,          )  Wilson
                         )
              Defendant.          )

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT 3M COMPANY'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant 3M Company, pursuant to Federal Rule of Civil Procedure 12(b)(6), files this Memorandum of Law in Support of its Partial Motion to Dismiss Plaintiff's Complaint.

## I.    INTRODUCTION

Plaintiff Hannah Romaine Cleckner, a patient support specialist that regularly worked in hospitals, refused to comply with the Centers for Medicare and Medicaid Services COVID-19 vaccination requirement, forcing 3M to terminate her employment. She now brings this case against her former employer, alleging religious and disability discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"). However, Plaintiff's disability discrimination claims (her Second and Fourth Counts) must be dismissed. Plaintiff did not exhaust

1

her administrative remedies by failing to assert any claims for disability discrimination in her dually-filled EEOC and Pennsylvania Human Relations Commission ("PHRC") Charge. Moreover, Plaintiff fails to allege a valid disability within the meaning of the ADA or the PHRA. Finally, it is evident from the face of the Complaint that Plaintiff never requested a medical accommodation from 3M. For these reasons, 3M is entitled to dismissal with prejudice on Plaintiff's disability-related claims (Second and Fourth Counts).

## II.    STATEMENT OF FACTS[1]

Defendant 3M manufactures, among other things, industrial, safety, and consumer products. (Doc. No. 1 at ¶ 10.) 3M employed Plaintiff as a Patient Support Specialist, who sold the Company's negative pressure wound therapy units (*id.* at ¶ 8). In September 2021, 3M required employees like Plaintiff to be fully vaccinated against COVID-19 by December 8, 2021 (*id.* at ¶ 14).[2] 3M provided an online form

---

[1] The facts set forth in this Memorandum are based upon allegations in the Complaint. Defendant accepts the facts pled in the Complaint as true for the purposes of this Motion only, as is required under the Rule 12(b)(6) standard, and does not concede the truth or materiality of any of the facts in the Complaint.

[2] 3M's COVID-19 vaccination policy was promulgated in response to two federal government mandates: 1) the Occupational Safety and Health Administration (OSHA)'s emergency temporary standard that required companies with more than 100 employees to ensure all of their U.S. employees are vaccinated or tested weekly and 2) the Executive Order that required federal government contractors to ensure that their U.S. employees working on federal contracts, or working at

where employees could request religious or medical exemptions to the vaccine requirement (*id.* at ¶ 16). On October 26, 2021, Plaintiff submitted a religious accommodation request (*id.* at ¶ 17).[3] In her request, Plaintiff "quoted scripture and stated that she trusted in God in the way He made her and her immune system, which has never failed her" (*id.* at ¶ 16). On November 22, 2021, 3M denied her religious accommodation request (*see* Doc. No. 1-3).

In January 2022,[4] the federal contractor mandate was halted, and therefore 3M no longer required COVID-19 vaccines (Doc. No. 1 at ¶ 31). However, in April 2022, the Centers for Medicare and Medicaid Services required hospital staff members to receive the COVID-19 vaccination (*id.* at ¶ 33). Thus, 3M reinstated its COVID-19 vaccine mandate for employees, like Plaintiff, who were required to work in hospitals (*id.* at ¶ 34). Plaintiff resubmitted her religious accommodation request and added a paragraph that objected to the vaccine's use of fetal cells (*id.* at

---

locations where any employees are working on or in connection with federal contracts, are vaccinated, without the option to test individuals who are not vaccinated.

[3] Plaintiff states she is a member of Lives Changed by Christ church in Manheim, Pennsylvania (Doc. No. 1 at ¶ 18).

[4] The Complaint alleges that 3M abandoned its vaccine mandate in January 2020. However, because COVID-19 vaccines were not available in January 2020, 3M believes Plaintiff intended to allege January 2022.

3

¶ 35). On May 3, 2022, 3M denied Plaintiff's second religious accommodation request (*id.* at ¶ 38). Her employment was terminated on May 25, 2022 for failing to comply with 3M's COVID-19 vaccine requirement (*id.* at ¶ 42).

## III.   PROCEDURAL BACKGROUND

Plaintiff filed her Charge of Discrimination (Charge No. 444-2022-01435) on August 28, 2022. (*See* Exhibit A.)[5] In her Charge, in box entitled "Discrimination Based On", Plaintiff stated "Religion". Her entire narrative provides as follows:

> In February 2018 I began working with KCI, an Acelity Company as an Associate Territory Representative. In October 2019 Respondent acquired KCI, an Acelity Company. After the acquisition I continued preforming the same job responsibilities although Respondent changed my position title to Patient Support Specialist. I am a Christian who has a strong personal faith where I put my trust in God for my health and seek Him for protection from any illness. On September 10, 2021 Respondent announced that all employees would need to be vaccinated against COVID-19 or submit a request for exemption. On October 26, 2021 I submitted my exemption request to Respondent. In my exemption request I informed Respondent that I prayed to God and I was led by the Holy Spirit to not receive any of the available COVID-19 shots. On November 2, 2022 Respondent requested more information about my religious beliefs that precluded me from being vaccinated against Covid-19. I informed Respondent that I seek God's counsel on the individual decisions I make, that the Bible says to seek guidance from God and that the Holy Spirit led me not to receive any

---

5   In her Complaint, Plaintiff states that she filed two separate charges with the EEOC, one on November 4, 2021 and another on April 20, 2022. However, the Right to Sue Notice she attached to her Complaint has the Charge number 444-2022-01435. This is the same EEOC Charge number for an EEOC Charge Plaintiff filed on August 28, 2022. (*See* Exhibit A.) Therefore, the operative EEOC Charge at issue in this Complaint is the one dated August 28, 2022, attached hereto as Exhibit A.

of the available COVID-19 shots. If I were to disobey His word, I'd be sinning and putting my relationship with God at risk. On November 11, 2022 Respondent told me that my request for religious exemption had been denied and alleged that it concluded that I had not demonstrated that I have a sincerely held religious belief that prevented me from receiving a COVID-19 vaccine and/or there was no reasonable accommodation that Respondent could provide me that would not place an undue hardship on the company. I requested that Respondent clarify the reason for the denial of my reasonable accommodation request, but Respondent refused to do so. In December 2021 I expressed interest in Respondent's Wound Healing Manager position. My manager at Respondent Kathy Lanciano however told me that I would not be accepted for the position because of my vaccination status; however, Kathy stated that I could do a mock interview to sharpen my skills. Respondent dropped the COVID-19 vaccine mandate in January of 2022 then reinstated it in April of 2022 due to the CMS rule. I resubmitted my religious exemption and was denied by Respondent a second time. I was told by Respondent's HR department (Cheryl Lundin and Carol Clinedinst) on May 3, 2022 that they would see if Respondent could reverse decision on my religious exemption as some of my hospital accounts approved my same request that Respondent denied. I continued to work while other 3M employees who got denied their religious exemptions were put on paid leave. On May 25, 2022 Respondent discharged me from employment allegedly because I had not complied with Respondent's COVID-19 vaccine mandate. Respondent alleges that it could not consider me for promotion and that it discharged me from employment because I was not vaccinated against Covid-19. I allege that Respondent discriminated against me due to my Christian faith, in violation of Title VII of the Civil Rights Act of 1964, as amended, by denying me a religious accommodation, not considering me for promotion and then discharging me from employment.

Plaintiff made no mention at all of anything to do with disability in her charge.

Plaintiff received a Notice of Right to Sue from the EEOC on September 28, 2022. (*See* Doc. No. 1 at 47.) (*See also* Doc. No. 1-7.) On December 27, 2022, Plaintiff filed her Complaint with this Court. (Doc. No. 1.) Plaintiff brings four

claims against 3M Company: religious discrimination under Title VII (First Cause of Action), disability discrimination under the ADA (Second Cause of Action), religious discrimination under the PHRA (Third Cause of Action), and disability discrimination under the PHRA (Fourth Cause of Action).

For the reasons that follow, Plaintiff's Second and Fourth Causes of Action related to disability discrimination under the ADA and PHRA must be dismissed.

## IV.    QUESTIONS FOR REVIEW

1) Should Plaintiff's claims for disability discrimination be dismissed for failure to exhaust under the ADA and PHRA, when the ADA and PHRA require a plaintiff to first file an agency claim to exhaust remedies, and Plaintiff failed to do so here?

   Suggested Answer: Yes.

2) Should Plaintiff's disability claims be dismissed when the disability she alleges is "being unvaccinated," and courts have consistently held that simply being unvaccinated is not a disability (and is thus an insufficient basis for a "regarded as" disability)?

   Suggested Answer: Yes.

3) Should Plaintiff's failure to accommodate claim be dismissed when she is only claiming a "regarded as" disability, not an actual disability, and caselaw is clear that an employer need not accommodate a "regarded as" disability?

   Suggested Answer: Yes.

4) Should Plaintiff's failure to accommodate (disability) claim be dismissed when she does not plead that she requested a disability-based accommodation, and caselaw is clear that to state a claim, she must have requested a disability-based accommodation or put the employer on notice that she needed one?

Suggested Answer: Yes.

## V.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." If a complaint fails "to state a claim upon which relief can be granted," it must be dismissed. Fed. R. Civ. P. 12(b)(6). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the claim must be "plausible on its face," requiring "factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged . . . [raising] more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The Third Circuit has explained that to determine the sufficiency of a complaint under the standard set forth in *Iqbal* and *Twombly*, a district court must do the following:

7

> First, the court must tak[e] note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of the truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). To survive a motion to dismiss, a complaint "must do more than allege the plaintiff's entitlement to relief" – it must "show" such entitlement through factual allegations. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). A claim should be dismissed if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 2344 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570)).

## VI.    ARGUMENT

    **A.    Plaintiff failed to raise ADA disability discrimination claims in her dually-filed EEOC and PRHC Charge, and therefore Plaintiff has failed to administratively exhaust these claims, warranting their dismissal.**

Plaintiff failed to exhaust her administrative remedies with respect to her disability discrimination claims. In her EEOC Charge, which was dually-filed with the PHRC, Plaintiff only alleged religious discrimination under Title VII and did not allege any claim for disability discrimination under the ADA.

Under the ADA, plaintiffs must exhaust their administrative remedies by filing a charge with the EEOC before filing a lawsuit against an employer. *Mandel*

*v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013). "Once a charge of some sort is filed with the EEOC, . . . the scope of a resulting private civil action in the district court is 'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination . . . .'" *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 966 (3d Cir. 1978) (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir. 1976)). "[T]he purpose of the filing requirement is to enable the EEOC to investigate and, if cause is found, to attempt to use informal means to reach a settlement of the dispute." *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 94 (3d Cir. 1999) (citing *Hicks*, 572 F.2d at 963). Failure to raise a basis for discrimination with the EEOC in the Charge leaves such a basis unexhausted and warrants dismissal. *Fullman v. Philadelphia Intern. Airport*, 49 F.Supp.2d 434, 443 (E.D. Pa. 1999) (dismissing a plaintiff's Title VII and ADA claims because plaintiff did not exhaust his administrative remedies.)

Moreover, a court may consider the EEOC charge at the motion-to-dismiss stage because it is "an undisputedly authentic document" on which "plaintiff's claims are based." *Lowenstein v. Catholic Health East*, 820 F.Supp.2d 639, 645 n.2 (E.D. Pa. 2011) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus.*, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Here, Plaintiff only alleged religious discrimination in her EEOC Charge. In the box entitled "Discrimination Based On", Plaintiff only filled in "religion".

9

(Exhibit A.) She ended her Charge by stating "I alleged that Respondent discriminated against me due to my Christian faith, in violation of Title VII of the Civil Rights Act of 1964, as amended, by denying me a religious accommodation, not considering me for promotion and then discharging me from employment." (*Id.*) Plaintiff made no reference to being regarded as disabled or being subjected to disability discrimination. Further, as discussed below, she made no mention in her Charge of requesting a medical accommodation from 3M. Because Plaintiff did not state any allegations of disability discrimination in her administrative filings, disability was not subject to the resulting EEOC investigation and thus these claims fall outside the scope of the current civil action. Therefore, for this reason alone, Plaintiff's claims for disability discrimination under the ADA and the PHRA must be dismissed. *See McIntosh v. White Horse Village, Inc.,* 176 F.Supp.3d 480, 483 (E.D. Pa. April 7, 2016) (dismissing disability discrimination claims because the Charge did not provide "adequate notice to the EEOC that it should investigate whether disability-based discrimination occurred.") *See also Galvis v. HGO Services,* 49 F.Supp.2d 445, 450 (E.D. Pa. May 18, 1999) (holding that a plaintiff failed to exhaust his administrative remedies because his EEOC Charge shows no evidence that his termination resulted from national origin, age, and religious discrimination). *See also Russ-Tobias v. Pennsylvania Bd. Of Probation and Parole*, Civ. No. 04-270, 2004 WL 2600109 at 4-5 (E.D. Pa. Nov. 16, 2004) (granting

10

summary judgment in favor of employer on plaintiff's retaliation claim because plaintiff did not raise retaliation in her EEOC Charge and therefore never exhausted her administrative remedies). *See also Roman v. Waste Management of New Jersey*, Civ. No. 10-4337, 2011 WL 1807642 at \*6 (D. N.J. May 12, 2011) (granting defendant's motion to dismiss because plaintiff failed to raise allegations related to his claims for Title VII disparate impact and retaliation in his EEOC Charge and thus he did not exhaust his administrative remedies).

> **B. Plaintiff fails to allege a valid "disability" within the meaning of the ADA (Second Cause of Action) and the PHRA (Fourth Cause of Action).**

Even if one ignores that Plaintiff failed to exhaust her administrative remedies in regard to her disability discrimination claims, her claim should still be dismissed because she cannot establish a *prima facie* case of disability discrimination under the ADA or the PHRA.

> **1. Plaintiff's ADA claim fails because being unvaccinated cannot qualify as a basis for 3M "regarding her as disabled."**

Plaintiff cannot establish a *prima facie* case of disability discrimination which requires her to show: (1) that she is disabled within the meaning of the ADA; (2) that she is otherwise qualified for the job, with or without reasonable accommodations; and (3) that she was subjected to an adverse employment decision as a result of discrimination. *Dreibelbis v. Cty. of Berks*, 438 F.Supp.3d 304, 314

11

(E.D. Pa. 2020). Plaintiff cannot establish the first element of the *prima facie* case - that she is disabled within the meaning of the ADA.

The ADA, as amended, defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Plaintiff's Complaint does not assert that she has a physical or mental impairment that substantially limits a major life activity. Rather, Plaintiff alleges perception of a disability (i.e., that she was "regarded as" disabled). (Doc. No. 1 at ¶¶ 145-46.)

To be regarded as having a disability, a plaintiff must establish that "he or she has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3). See also *Speaks v. Health Systems Management, Inc.*, Civ. No. 22-00077, 2022 WL 3448649 at *5 (Aug. 17, 2022) (quoting *Miller v. Maryland Dep't of Nat. Res.*, 813 F.App'x 869, 876 (4th Cir. 2020)).

Federal courts have consistently held that an employee is not "regarded" as having a physical or mental impairment simply by being unvaccinated or having COVID-19. *See Linne v. Alameda Health System,* 2023 WL 375687 at *2-3 (N.D. Cal. Jan. 24, 2023) (granting motion to dismiss ADA "regarded as" claim brought by

12

employee who refused to be vaccinated and refused twice-weekly testing because COVID-19 is not a disability under the ADA); *Speaks*, 2022 WL 3448649 at *5 (concluding there is "no plausible basis to conclude" that the employer "regarded" plaintiff as having a physical or mental impairment when the employee refused to obtain a COVID-19 vaccine); *see also, Jorgenson v. Conduent Transport Solutions, Inc.*, 2023 WL 1472022 at *4 (D. Md. Feb. 2, 2023) ("Conduent's decision to protect its workplace by requiring its employees to attest to their vaccination status – and in some cases, to wear masks – does not plausibly reflect a determination or belief that any of its employees are disabled or impaired"); *Leggo v. M.C. Dean, Inc*., 2023 WL 182283 at *4 (E.D. Va. Feb. 7, 2023) ("Plaintiff refused to disclose his vaccination status, and M.C. Dean's resulting treatment of him as unvaccinated does not create a plausible inference that M.C. Dean perceived him as having an "impairment" or disability of any kind"); *see also Lundstrom v. Contra Costa Health Services,* 2022 WL 17330842 at *2 (N.D. Cal. Nov. 29, 2022) (concluding that COVID-19 is generally "transitory" and not a disability and, thus, being perceived as having COVID-19 is also not disability discrimination under the ADA); .

Here, Plaintiff alleges that she was unvaccinated and unwilling to become vaccinated. She claims that 3M knew this, but does not explain why 3M would have then perceived or regarded her as disabled. She further does not explain how 3M perceived her as having a condition that limited a major life activity. Nevertheless,

13

Plaintiff's vaccination status does not and cannot qualify as a disability under the ADA. Therefore, as a matter of law, this Court must conclude that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's disability discrimination claims under the ADA and PHRA must be dismissed.

> **2. Plaintiff's PHRA claim fails because being unvaccinated cannot qualify as a basis for 3M "regarding her as disabled".**

Plaintiff is also not "regarded" as disabled under the PHRA, which, similar to the ADA, protects individuals against discrimination in employment on the basis of disability. *Sowell v. Kelly Services Inc.*, 139 F.Supp.3d 684, 703-04 (E.D. Pa. Oct. 14, 2015).[6] The PHRA defines "disability" more narrowly than the ADA, as

---

[6] Cases brought under the pre-amendment ADA analyzed the ADA and PHRA claims together because those statutes had substantially similar definitions of "disability." *See Sowell*, 139 F.Supp.3d at 703-04 (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir.1996)). Courts in this Circuit are split on this issue of whether the ADAAA continues to be substantively identical to the PHRA "with the majority concluding that because the Pennsylvania legislature has not enacted a similar amendment to the PHRA, the disability prong of discrimination analysis under the PHRA should be analyzed in the same manner as pre-ADAAA claims." *Id.* (quoting *Berkowitz v. Oppenheimer Precision Products, Inc.,* No. 13–4917, 2014 WL 5461515, at *7 (E.D. Pa. Oct. 28, 2014) (citing various cases)); *see also Showers v. Endoscopy Center of Central Pa., LLC*, 58 F.Supp.3d 446, 461–62 (M.D.Pa.2014); *Rubano v. Farrell Area School Dist.*, 991 F.Supp.2d 678, 693– 94 (W.D. Pa. 2014); *Barber v. Subway*, 131 F.Supp.3d 321, 327 (M.D. Pa. Sept. 18, 2015) (noting that because the issue of whether the plaintiff was disabled was conceded by the defendant there was no need for separate analysis of the PHRA claims).

amended ("ADAAA").[7] *Id.* As with the ADAAA, under the pre-amendment ADA, which is substantially identical to the PHRA, a plaintiff may establish disability for purposes of the statute by showing actual disability, a record of disability, or by showing she is regarded as being impaired. *Id.*

To show she is "regarded as" being disabled under the PHRA, Plaintiff must show she is regarded as having a physical or mental impairment that substantially limits one or more major life activities. *Id.* (citing *McGovern v. MVM, Inc.*, 545 F.Supp.2d 468, 474 (E.D.Pa.2008)). Actual disability is not required to meet this definition. *Id.* An employee "must do more than demonstrate that [the employer] was aware" the employee was impaired. *Id.* (quoting *McGovern*, 545 F.Supp.2d at 474). An employer must believe the employee's perceived or actual impairment "substantially limits one or more major life activities." *Id.* Unlike under the ADAAA, the perceived severity of the impairment is important. *Id.*

Here, Plaintiff fails to plead any facts that suggests that 3M perceived her as having any sort of severe impairment that substantially limited major life activities. As discussed in greater detail below, Plaintiff never requested a medical accommodation from 3M. Moreover, the PHRA defines disability more narrowly

---

[7]  The ADAA explicitly expanded the list of "major life activities" and explained that the definition of disability was to be broadly construed. *See Gardner v. SEPTA*, 410 F.Supp.3d 723, 734 n.5 (E.D. Pa. 2019).

than the ADA, as amended. Therefore, it logically follows that if Plaintiff cannot plead a disability under the ADA, as amended, she cannot plead a disability under the PHRA. *See Gardner v. SEPTA*, 410 F.Supp.3d 723, 734 n.5 (E.D. Pa. 2019) (holding that "because [the plaintiff] fails to establish he was disabled at a *prima facie* level under the ADA (the broader post-amendment interpretation), he fails, *a fortiori*, under the PHRA (the narrower pre-amendment interpretation)."). Therefore, Plaintiff's PHRA claim must be dismissed.

### C. Plaintiff's accommodation claims should be dismissed because she does not allege that she is disabled and she never requested a medical accommodation from 3M.

Similarly, to the extent Plaintiff's claims for disability discrimination are premised on a theory of failure-to-accommodate, her Complaint fails to state a claim upon which relief can be granted. To assert a claim for failure to accommodate under the ADA, a plaintiff must establish that: 1) she was disabled and the employer knew it; 2) she requested an accommodation or assistance; 3) her employer did not make a good faith effort to assist; and 4) she could have been reasonably accommodated. *Conneen v. MBNA Am. Bank, N.A.*, 334 F.3d 318, 330-31 (3d Cir. 2003). The face of Plaintiff's Complaint clearly shows that she cannot establish the first two elements of the *prima facie* case – that 3M knew she was disabled and that she requested accommodation.

16

### 1. Plaintiff does not allege that she is disabled and a plaintiff has to be disabled to be entitled to an accommodation.

As discussed at length, *supra*, Plaintiff failed to adequately plead an ADA-qualifying disability. To the contrary, she premises her disability claims on allegations of 3M's *perception* of a disability (i.e., that she was "regarded as" disabled). (Doc. No. 1 at ¶¶ 145-46.). However, employers are not required to accommodate an individual who meets only the "regarded as" prong of the definition of "disability". *See* ADA Amendments Act of 2008 Frequently Asked Questions, DEPARTMENT        OF        LABOR,        Jan.        1,        2009, https://www.dol.gov/agencies/ofccp/faqs/americans-with-disabilities-act amendments#Q7. *See also* Robinson v. First State Community Action Agency, 920 F.3d 182, 186 (3d Cir. 2019). Because Plaintiff does not allege that she is actually disabled and that 3M knew it, 3M was under no obligation to accommodate her.

### 2. Plaintiff does not allege that she requested a medical accommodation from 3M.

Additionally, Plaintiff cannot establish that she requested a medical accommodation from 3M. It is evident from Plaintiff's Complaint that she only requested religious accommodations. Paragraph 17 of the Complaint states "Plaintiff submitted her *religious* accommodation request on October 26, 2021." (Doc. No. 1 at ¶ 17) (emphasis added). Likewise, Paragraph 38 of the Complaint notes "On May 3, 2022, 3M again denied Plaintiff's second *religious* exemption request." (*Id.* at ¶

17

38) (emphasis added). This is reflected in the exhibits Plaintiff attached to her Complaint (*see* Doc. Nos. 1-2, 1-5). Nowhere in the Complaint does Plaintiff allege that she requested medical accommodations that 3M subsequently denied. Therefore, to the extent Plaintiff's disability discrimination claims assert failure-to-accommodate, the claims must be dismissed as she does not allege she ever requested an accommodation. *See Schillaci v. Cargill Meat Solutions*, Civ. No. 12-561, 2012 WL 6589941, at *5 (M.D. Pa. Dec. 18, 2012) (granting employer's motion to dismiss because plaintiff failed to set forth sufficient factual matter to show that he requested a reasonable accommodation for his disability) (citing *Lewis v. Pennsylvania*, Civ. No. 06–1162, 2007 WL 1247076, at *5 (W.D. Pa. Apr.6, 2007) (failure to accommodate claim should be dismissed because plaintiff failed to allege "that he needed, requested, or the Defendants should have known he sought accommodation")) (citing *LaGatta v. Pa. Cyber Charter Sch.*, 726 F.Supp.2d 578, 588–89 (W.D.Pa.2010) (the defendant "cannot be held liable for failing to reasonably provide an accommodation that was never requested")).

## VII.  CONCLUSION

Plaintiff has failed to exhaust her administrative remedies with respect to her disability discrimination claims. Plaintiff has not shown she was regarded as disabled, as not being vaccinated is insufficient to state a claim. Additionally, Plaintiff does not pled an ADA or PHRA-qualifying disability. Finally, Plaintiff never requested a medical accommodation from 3M. For these reasons, Plaintiff's Second and Fourth Causes of Action in her Complaint must be dismissed. 3M urges this Court to dismiss these claims with prejudice, as, for the reasons stated herein, any amendment would not meet the futility standard under Rule 15.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*/s/ Janice G. Dubler*
Janice G. Dubler
1735 Market Street, Suite 3000
Philadelphia, PA 19103
Telephone: 215-995-2800
Fax: 215-995-2801
janice.dubler@ogletree.com

Attorney for Defendant 3M
COMPANY

19

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HANNAH ROMAINE CLECKNER,

                Plaintiff,

      v.

3M COMPANY,

                Defendant.

)
)
)
)
)
)
)
)
)
)

No. 22-02055

The Honorable Jennifer P. Wilson

## **CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.8(B)(2)**

I, Janice G. Dubler, hereby certify that the Memorandum of Law in Support of Defendant 3M Company's Partial Motion to Dismiss Plaintiff's Complaint complies with Middle District of Pennsylvania Local Rule 7.8(b)(2). The Memorandum is 4,897 words.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Janice G. Dubler*
Janice G. Dubler
1735 Market Street, Suite 3000
Philadelphia, PA 19103
Telephone: 215-995-2804
Fax: 215-995-2801
janice.dubler@ogletree.com

Attorney for Defendant 3M COMPANY