IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HANNAH ROMAINE CLECKNER, | : | Civil No. 1:22-CV-02055 |
| Plaintiff, | : | |
| v. | : | |
| 3M COMPANY, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is the motion filed by Defendant 3M Company ("3M") to dismiss Counts II and IV of the complaint filed by its former employee, Plaintiff Hannah Romaine Cleckner ("Cleckner"). (Doc. 12.) For the reasons that follow, the court will grant the motion.

### BACKGROUND

On December 27, 2022, Cleckner filed a four-count complaint. (Doc. 1.) She seeks damages and injunctive relief based on 3M terminating her employment when she failed to comply with its COVID-19 vaccination mandate for employees. Cleckner brought a claim for religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Count I); disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12010 *et seq.* (Count II); religious discrimination in violation of the

1

Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. § 955(a) (Count III); and disability discrimination in violation of the PHRA (Count IV).  (Doc. 1.)

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record.  *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).  The court may also consider "undisputedly

authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); see also *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss [to] one for summary judgment"). However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## DISCUSSION

3M submits that Counts II and IV fail for three reasons. First, Cleckner failed to exhaust her administrative remedies. Second, she has not pleaded a valid disability under the meaning of the ADA or PHRA. And third, Cleckner never

requested a medical accommodation. For these reasons, 3M asserts that the court should dismiss these claims with prejudice.

### A. Cleckner has failed to exhaust administrative remedies.

To bring an action for employment discrimination under the ADA, a plaintiff "must exhaust their administrative remedies before filing" their action in federal court. *Simko v. U.S. Steel Corp.*, 992 F.3d 198, 204 (3d Cir. 2021). Exhaustion is also a requirement for claims brought under the PHRA. *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 164 (2013). Further, "[o]nce a charge of some sort is filed with the [Equal Employment Opportunity Commission ("EEOC")], . . . the scope of a resulting private civil action in the district court is defined by the scope of the EEOC investigation which can be reasonably expected to grow out of the charge of discrimination." *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 966 (3d Cir. 1978) (cleaned up). The analysis of this issue "turns on whether there is a close nexus between the facts supporting each claim." *Galvis v. HGO Servs.*, 49 F. Supp. 2d 445, 449 (E.D. Pa. 1999); *Bailey v. Storlazzi*, 729 A.2d 1206, 1215 (Pa. Super. Ct. 1999). At the motion to dismiss stage, a court may properly consider a plaintiff's EEOC filing insofar as it is "an undisputedly authentic document on which plaintiff's claims are based." *Lowenstein v. Cath. Health E.*, 820 F. Supp. 2d 639, 654 n.2 (E.D. Pa. 2011 (cleaned up) (quoting

*Pension Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1996 (3d Cir. 1993)).

3M argues that, because Cleckner only alleged religious discrimination in her EEOC charge, she cannot now raise a claim for disability discrimination. (Doc. 13, pp. 14–15.) 3M points out that, in her EEOC charge, Cleckner's narrative allegations and the boxes she checked off were all related to alleged religious discrimination. (*Id.*) She alleged that 3M "discriminated against [her] due to [her] Christian faith, in violation of Title VII of the Civil Rights Act of 1964, as amended, by denying [her] a religious accommodation, not considering [her] for promotion and then discharging [her] from employment." (Doc. 13-1, p. 8.)

3M points out that Cleckner made no mention in her filings with the EEOC or the Pennsylvania Human Relations Commission ("PHRC") of any disability or disability-related discrimination. (Doc. 13, p. 15.) Neither did she mention requesting a medical accommodation from 3M. (*Id.*) 3M argues that, because she did not seek administrative relief for disability discrimination, that claim was necessarily not included in the EEOC investigation. (*Id.*) Therefore, she has not met the exhaustion requirement. (*Id.*) As a result, her disability discrimination claims must be dismissed. (*Id.* (citing *McIntosh v. White Horse Village, Inc.*, 176 F. Supp. 3d 480, 483 (E.D. Pa. 2016) (granting dismissal of disability

5

discrimination claims where plaintiff's EEOC charge raised complaints of racial and religious discrimination and retaliation, but the only nexus with disability was that it alleged that plaintiff had returned from medical leave); *Galvis*, 49 F. Supp. 2d at 450 (granting defendant summary judgment where plaintiff had provided no evidence upon which the court could find a close nexus of facts between the basis of his administrative charges and his claims for discrimination based on national origin, religion, or age); *Russ-Tovias v. Pennsylvania Bd.*, Civ. A. No. 04-270, 2004 WL 2600109 (E.D. Pa. Nov. 16, 2004) (granting summary judgment to defendant for retaliation claim because plaintiff had failed to exhaust and instead only filed a charge for discrimination but not retaliation)).)

Cleckner does not address *McIntosh*, *Galvis*, or *Russ-Tobias* or explain why the present instance is distinct from them. Instead, she asserts that this case is like *Lowenstein* and *Moore v. Hexacomb Corp.*, 670 F. Supp. 2d 621 (W.D. Mich 2009). (Doc. 18, pp. 4–6.) She asserts that EEOC charges are given a "fairly liberal construction," and "the failure to check a particular box on an EEOC charge . . . is not necessarily indicative of a failure to exhaust the mandatory administrative remedies." (*Id.* at 5 (quoting *Schouten v. CSX Transp., Inc.*, 58 F. Supp. 2d 614, 616 (E.D. Pa. 1999)).)

Cleckner argues that her administrative claim for religious discrimination was so reasonably related to her present claim for disability discrimination that the

court should perceive both as having been exhausted. She argues that, although she selected religion as the primary basis for her discrimination claim, "where the choice to take the COVID-19 vaccine was also a medical decision, and where Defendant found Plaintiff permanently unqualified to perform her role because of her medical status regarding the COVID-19 vaccine, it is reasonable to conclude that the investigation into Plaintiff's EEOC would have exposed the validity of her ADA disability discrimination claim on the basis of a perceived disability."

The court does not agree. The court has reviewed Cleckner's filings to the EEOC and PHRC. The court finds that her present allegations of disability discrimination are outside of the scope of the administrative investigations. There is no nexus between the facts alleging disability discrimination and Cleckner's administrative charges.

Cleckner also argues that, because she did not have legal counsel when she completed her administrative filings, her EEOC charge should be liberally construed, "as is the standard in established federal law regarding pro se pleadings." (*Id.*) In doing so, Cleckner is essentially asking for a partial exemption from the exhaustion requirement because she did not have counsel when she filed her administrative charge. In making this request, she cites <u>no</u> legal authority. The court will not entertain this novel and unsupported theory.

Nor are the cases on which Cleckner relies factually similar to this action. In *Lowenstein*, the district court denied the motion to dismiss insofar as it raised an argument of failure to exhaust administrative remedies. 820 F. Supp. 2d at 644–45. Despite failing to check certain boxes, the court found that the statements contained in plaintiff's EEOC filings "should have provided notice to the EEOC" of the discrimination for which she later brought suit. *Id.* The court in *Lowenstein* noted that, "[t]he purpose of the exhaustion requirement is satisfied as long as 'the EEOC had cognizance of the full scope of the situation during its settlement efforts.'" *Id.* at 645 (quoting *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 94 (3d Cir. 1999)).

In *Moore*, the plaintiff had an obvious physical disability. 670 F. Supp. 2d at 624–25. He saw a doctor who provided a report prescribing restrictions on the type of work he could do. *Id.* at 625. He requested specific accommodations, which were not met. *Id.* The plaintiff's charge of discrimination, filed in April 2008, was based solely on his employer's alleged failure to reasonably accommodate his disability. *Id.* at 631. Therefore, the employer argued, he was required to file a separate charge when his employment was terminated in July 2008, allegedly for the same disability. *Id.* Because he failed to do so, he had not met the exhaustion requirement regarding the termination of his employment. *Id.* The court disagreed and concluded that "the termination arose out of the failure to

8

accommodate because, as a practical matter, no new discriminatory act occurred after the failure to accommodate and the termination at the end of the FMLA leave was merely a formality." *Id.*

Unlike in *Lowenstein*, Cleckner has not described disability discrimination in the text of her charge, but merely failed to check that box on her charge. And unlike in *Moore*, the allegations in Cleckner's EEOC charge are not of a similar type to the allegations of which she now complains in Counts II and IV. Instead, the allegations in her charge bear no relation to her disability discrimination claims and are instead solely related to her religious views and attempts to obtain related vaccination exemption. Her administrative filings did not enable the EEOC to investigate a disability discrimination claim. As a result, Cleckner has failed to exhaust her administrative remedies regarding her disability discrimination claims. Cleckner cannot remedy this failure by amending her complaint. Therefore, because granting leave to amend would be futile, the court will dismiss Cleckner's disability discrimination claim with prejudice.

## CONCLUSION

Because Cleckner has failed to exhaust administrative remedies with respect to her disability claims, they fail.  The court will grant 3M's motion to dismiss and will dismiss Counts II and IV with prejudice.  An appropriate order will follow.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: February 13, 2024