**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HANNAH ROMAINE CLECKNER, an individual, | ) ) ) ) | Case No. 1:22-cv-02055-JPW |
| *Plaintiff,* | ) ) | |
| v. | ) ) | |
| 3M COMPANY, | ) ) | |
| *Defendant.* | ) ) | |
| _____ | ) | |

**AMY WINDISH'S MOTION TO QUASH SUBPOENA**
**AND INCORPORATED MEMORANDUM OF LAW**

Movant Amy Windish ("Ms. Windish"), by and through her undersigned counsel, and pursuant to the Federal Rules of Civil Procedure 26(b)(1), 45(a)(2)(C) and 45(c)(3)(A)(iii), respectfully files this Motion to Quash the subpoena *duces tecum* that was served on Ms. Windish by Defendant 3M Company ("3M"). In the alternative, Movants request that the Court enter a protective order under Rule 26(c). Ms. Windish files this motion on the following grounds:

1. The subpoena arises out of an employment discrimination case brought under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act, styled as *Hannah Romaine Cleckner v. 3M Company,* Case No. 1:22-cv-02055-JPW, and pending in the United States District Court for the Middle District of Pennsylvania. Amy Windish is not a party to this litigation.

2. On or about August 5, 2024, Defendant served Amy L. Windish with a subpoena *duces tecum,* attached hereto as Exhibit 1, requesting the production of the following:

    a. All text messages exchanged with Hannah Romaine Cleckner.

1

b. All Telegram Chats exchanged with Hannah Romaine Cleckner or any other former 3M Company employees.

c. All emails exchanged with Hannah Romaine Cleckner.

d. All accessible messages in the Telegram groups "Triple M – Exeption [sic] Denied(collaboration)," and "Triple M – Operation Justice."

3. Defendant's subpoena commands that Ms. Windish produce said documents at Ogletree, Deakins, Nash, Smoak & Stewart, P.C. 1735 Market Street, Suite 3000, Philadelphia, PA 19103, by August 19, 2024 at 10:00 am.

4. Defendant's request is overly broad and not likely to lead to the discovery of admissible evidence as required by Fed. R. Civ. P. Rule 26(b)(1).

5. Finally, Defendant's request would unduly burden Ms. Windish in violation of F.R.C.P. Rule 45(d)(3)(A).

**MEMORANDUM OF LAW**

A subpoena may be squashed when the movant demonstrates that it is "unreasonable or oppressive." *Strike 3 Holdings, LLC v. Doe*, No. 18-16593, 2019 WL 4745360, *5 (D.N.J. Sept. 30, 2019). This Court has generally looked at seven factors to evaluate the claimed burden: (1) the party's need for the production; (2) the nature and importance of the litigation; (3) the relevance of the material; (4) the breadth of the request for production; (5) the time period covered by the request; (6) the particularity with which the documents are described; and (7) the burden imposed on the subpoenaed party. *3 *Id.* (quoting *Schmulovich,* 2007 WL 2362598, at *2). A motion to quash on the basis of undue burden may be granted when the subpoena will cause them to suffer "a clearly defined and serious injury." *See Malibu Media, LLC v. Does,* No. 12-7789, 2013 WL 229295, *6 (D.N.J. Dec. 18, 2013).

2

## I.    ARGUMENT

The Court should quash the subpoena issued to Movant because it demands the production of documents unrelated to the matter at issue in this litigation as well as being unproportional and unnecessary to the needs of this case. This case arises from Plaintiff Hannah Romaine Cleckner's claims of religious discrimination against Defendant 3M Company for failing to accommodate Plaintiff's sincere religious objections to the COVID-19 vaccine and 3M's COVID-19 vaccine employment mandate. The key matters at issue in this litigation are whether Plaintiff held sincere religious beliefs to the COVID-19 vaccine, whether 3M was informed of these beliefs, and whether 3M discriminated against Plaintiff on the basis of those beliefs. In an attempt to play Inquisitor of Plaintiff's personal religious beliefs, Defendant is now pursuing records from non-parties that are wholly irrelevant to the key issues.

This Court should quash Defendant's attempt to harass and unduly burden the non-party Movant by seeking irrelevant production. Alternatively, the Court should issue a protective order that limits the scope of the subpoena to matters truly necessary and appropriate for the adjudication of this action.

### A.    The Subpoena Must Be Quashed Because it Seeks Information that is Irrelevant to Plaintiffs' Claims and Disproportionate to the Case's Needs

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." While Federal Rule of Civil Procedure 45(d)(3) describes when a court is required or permitted to quash or modify a subpoena, Federal Rule of Civil Procedure 26(b)(1) delineates the general scope of discovery. "A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." *Schmulovich v. 1161 Rt. 9 LLC*, No. 07–597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007); *accord Frank v. Honeywell Int'l*

3

*Inc.*, No. 15–MC–172, 2015 WL 4770965, at *4 (E.D.Pa. Aug. 13, 2015); *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D.Pa.2014). "The serve-and-volley of the federal discovery rules govern the resolution of a motion to quash." *In re Domestic Drywall*, 300 F.R.D. at 239 (internal quotation marks omitted). First, the subpoenaing party must demonstrate that its requests fall within the general scope of discovery defined in Rule 26(b)(1). *Id.* Accordingly, the subpoenaing party may only seek "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).*Green v. Cosby*, 314 F.R.D. 164, 169 (E.D. Pa. 2016).

> Rule 26(b)(1), which dictates the scope of discovery allowed, states as follows:
>
> > Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The information sought does not fall within the scope of discovery outlined in Rule 26(b)(1). In  particular, the requested documents are not "relevant to [Ms. Cleckner's] claim nor proportional to the needs of the case".

Defendant's subpoena demands information irrelevant to the factual issues of whether Plaintiff held a sincere religious objection to the COVID-19 vaccine, which Defendant failed to accommodate by terminating her employment for noncompliance with the vaccine mandate. Plaintiff has already provided sufficient information regarding her beliefs regarding the COVID-19 vaccine and communications in her possession reflecting those objections. Any additional communications provided by Ms. Windish would have no bearing on the question of

whether 3M Company failed to reasonably accommodate Ms. Cleckner's sincere religious objections to the COVID-19 vaccine. Furthermore, communications requested would have primarily occurred after Ms. Cleckner's termination and all events giving rise to this action. These communications would therefore be nonreflective of Ms. Cleckner's beliefs at the time she sought her religious exemption, 3M Company's knowledge of those beliefs, and their failure to accommodate those beliefs.

Defendant has also failed to sufficiently limit the documents requested in the subpoena, demanding "[a]ll text messages", "[a]ll telegram chats", "[a]ll emails" and "[a]ll accessible messages" without any restriction on time or content.

Demanding such a broad scope of discovery, which has no bearing on whether Plaintiff's objections to the vaccine as communicated to Defendant were religious in nature or not, would be imposing a subpoena that tis neither relevant nor proportional, and as such is improper under Rule 26.

## B. The Subpoena Must Be Quashed Because Compliance with the Subpoena Would Unduly Burden Ms. Windish

The subpoena at issue should be quashed as harassing and unduly burdensome because it seeks documents not relevant to the claims here and because the document requests are broad, vague, and duplicative.

Federal Rule of Evidence 45(d)(3)(iv) requires a court to quash or modify a subpoena that "subjects a person to undue burden." "In deciding whether to quash a subpoena for being unduly burdensome, the Court may look to factors such as 'relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.' " *Donovan Realty, LLC v. Campers Inn Holding Corp.*, No. CV 20-3954, 2022 WL 4586132, at *2 (E.D. Pa. Sept. 29,

5

2022) (quoting *In re Auto. Refinishing Paint*, 229 F.R.D. 482, 495 (E.D. Pa. 2005) (quotation marks and citation omitted)). Under the federal rules, nonparties are entitled to "greater protection from discovery than a normal party." *Kelley*, 2016 WL 8673055, at *2. Movants are nonparties to the litigation and therefore entitled to heightened protection.

The subpoena here is unduly burdensome because it requests information not relevant or proportional to the needs of the case. Under similar circumstances, courts have quashed subpoenas that  assert expansive document requests relating to a non-party's activities absent a "strong[] showing that [the non-party] has evidence necessary to prove [the issuing party's] claims." *Lady Liberty Transp. Co. v. Philadelphia Parking Auth.*, 2007 WL 707372, at *9–10 (E.D. Pa. Mar. 1, 2007). In *Lady Liberty*, plaintiffs challenged certain regulations imposed on transportation services and issued a subpoena for testimony and expansive document requests to Representative John Perzel and his Chief of Staff, seeking evidence that Perzel conspired with the regulator to harm the plaintiffs. *Id*. at *9. The court pointed to several deficiencies in the subpoenas when it quashed them as unduly burdensome3: (1) the alleged conspiracy was not probative of the plaintiff's claims, and therefore not relevant; (2) the "dubious probative value" of the evidence sought did not support a "convincing need for the evidence"; and (3) absent a compelling need, the court was reluctant to force Representative Perzel and his staff to divert time from matters of importance requiring their attention.

As in *Lady Liberty*, Defendant cannot point to any compelling need that would justify their document requests. Plaintiff has already produced substantial documentation of her communications and documentation related to the underlying issues of this case. Additional communications between Ms. Windish and Ms. Cleckner have no bearing on the question of whether 3M discriminated against Ms. Cleckner on the basis of her sincere religious beliefs.

Second, the scope of the document requests contained in the subpoenas is overly broad, the documents are not described with particularity, and there is no appropriate limit to a responsive time period.

### C. Alternatively, the Court Should Grant a Protective Order That Limits the Scope of Discovery

In the alternative, the Court should enter a protective order limiting the scope of discovery to production within the relevant time period of the events giving rise to this litigation and related to topics at issue in this case. Federal courts have discretion "to issue protective orders that impose restrictions on the extent and manner of discovery where necessary 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000) (quoting Fed. R. Civ. P. 26(c)). Protective orders are warranted "when the party seeking the protective order 'show[s] good cause by demonstrating a particular need for protection.'" *Nothstein v. USA Cycling*, 337 F.R.D. 375, 393 (E.D. Pa. 2020) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). Good cause exists when the party seeking the order demonstrates that an injury will result in the absence of an order, and that injury needs only to be one of the grounds for an order set forth in Rule 26. *See id*.

Movants object to the subpoena to the extent they impose an undue burden for the reasons explained *supra*. In addition to providing the Court a basis to quash the subpoenas, the undue burden of the subpoenas is also an appropriate basis for the Court to grant a protective order under Rule 26(c).

WHEREFORE, Ms. Windish respectfully requests that this Court quash the subpoena *duces tecum* without deposition served by Defendant upon Amy Winish on or about August 5, 2024 in its entirety.

Date: August 19, 2024

By: */s/ Lexis Anderson*

Lexis Anderson, Esq.
*Admitted pro hac vice*
Texas Bar No. 24127016
Robert E. Barnes, Esq.
Tennessee BPR No. 020617
*Admitted pro hac vice*
BARNES LAW
700 South Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: (310) 510-6211
Facsimile: (310) 510-6225
Email: lexisanderson@barneslawllp.com
Email: robertbarnes@barneslawllp.com

Attorneys for Plaintiff Amy L. Windish

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

HANNAH ROMAINE        )
CLECKNER,            )        Case No. 1:22-cv-02055-JPW
an individual,        )
                     )
    *Plaintiff,*        )
                     )
    v.               )
                     )
3M COMPANY,          )
                     )
    *Defendant.*       )
_____ )

### ORDER GRANTING AMY WINDISH'S MOTION TO QUASH SUBPOENA AND INCORPORATED MEMORANDUM OF LAW

And now on this \_\_\_ day of _____, 2024 it is hereby **ORDERED** that Amy

Windish's Motion is **GRANTED** and that

1.  The subpoena *duces tecum* served by Defendant upon Amy L. Windish on or

    about 2024 is quashed in its entirety.


                _____

                Hon. Nancy E. Brasel
                United States District Judge

9

## CERTIFICATE OF SERVICE

I, Lexis Anderson, certify that on August 19, 2024, I served the attached **AMY WINDISH'S MOTION TO QUASH SUBPOENA AND INCORPORATED MEMORANDUM OF LAW**, by electronically filing the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania by using the CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

*/s/ Lexis Anderson*
Lexis Anderson

10

# Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Pennsylvania

| | |
|---|---|
| Hannah Romaine Cleckner | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:22-cv-02055 |
| 3M Company | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Amy Windish
(service accepted on her behalf by Lexis Anderson, Esq.)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule "A"

| Place: Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>1735 Market Street, Suite 3000<br>Philadelphia, PA 19103 | Date and Time:<br><br>08/19/2024 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/05/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Janice G. Dubler |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
3M Company       , who issues or requests this subpoena, are:
Janice G. Dubler, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 1735 Market Street, Suite 3000, Philadelphia, PA 19103; janice.dubler@ogletree.com; 215-995-24

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-cv-02055

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                         *Server's signature*

                                         _____
                                         *Printed name and title*

                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE "A"

### DOCUMENTS TO BE PRODUCED

1. All text messages exchanged with Hannah Romaine Cleckner.

2. All Telegram Chats exchanged with Hannah Romaine Cleckner or any other former 3M Company employees.

3. All emails exchanged with Hannah Romaine Cleckner.

4. All accessible messages in the Telegram groups "Triple M – Exeption [sic] Denied (collaboration)," and "Triple M – Operation Justice."

**You may produce screen shots of the referenced text messages, as long as the screen shots provide all accessible messages including the date.

**If you prefer, we can arrange for a forensic specialist to assist with this.  Please let us know if you request this assistance ***prior to the due date*** for your document production.

## <u>CERTIFICATION REGARDING RECORDS</u>

I, Amy Windish, hereby state and declare that:

1.      The records attached hereto are true and correct copies of the records in my custody that have been requested in the subpoena for Records issued by Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

2.      That, including this certification, all records which are in my custody have been copied in my presence, at my direction and/or under my supervision;

3.      All records produced in my presence were prepared in the ordinary course of business by authorized persons or personnel at or near the time of the act, condition or event; and

4.      A careful search has been made by me or at my direction for records that have been requested in the subpoena and the records produced constitute all the records requested.

**Pursuant to 28 U.S.C. § 1746, I, Amy Windish, I declare under penalty of perjury that the foregoing is true and correct.**

Executed on:  _____, 2024.

_____
Signature

Print Name

_____